By the Court.—Monell, J.
The order appealed from by the defendants contains such a modification of the injunction, and of the powers and duties of the receiver, that I think they ought to have rested satisfied ; and instead of subjecting themselves to the expense and delay of an appeal, should have at once gone into an accounting with the plaintiff, to the end, that his interest in the partnership assets might have been ascertained, and he relieved from liability for the partnership debts.
*315 The debt due from Whitman was nearly sufficient to liquidate the partnership debts; and as that debt, by the terms of the agreement,, was to be paid, from time to time, as needed to meet the accruing liabilities of the firm, and all to be paid by July 1, 1870, it is evident that the parties expected to, and therefore did, fix upon that time as the limit, for the settlement of the partnership affairs.
Yet, as late as the last of April, 1870, the defendants took this appeal from an order, which did not in any manner interrupt or interfere with the business in which they became engaged on the dissolution of the previous firm.
But upon the merits. The receivership and injunction as an ad interim relief, to protect such rights and interests as the plaintiff has, under the articles of dissolution, were properly continued.
The plaintiff had been very careful to preserve to himself the right to require the whole assets of the firm to be applied to the payment of the firm debts. And although, by the sale, he parted with all legal title to the partnership property, he yet retained an equity, to enforce the covenants of the remaining partners, and compel them to pay, with such property, the firm’s liabilities. And he had a further right, namely, to his proportion of any surplus there might be, after the liquidation of the debts. The principles applicable to this case, were fully examined in the case of Cory v. Long, decided by this court in June last, but not yet reported.
When a retiring partner transfers the whole partnership property to the remaining partners, merely reserving to himself the equity I have alluded to, the court will be very jealous of his rights, and will not require a very strong case of breach of contract or other misconduct, to authorize it to interfere in his behalf. And it is but fair, that those who have the legal title and the exclu *316 give custody of the means for paying the debts, should be held to a strict performance of duty.
The incurring of a new obligation by indorsing the note to Abernethy & Co. was a violation of the defendants’ agreement, in two senses. First, it was not a payment of the firm debt, but merely an extension of the time of payment beyond the period fixed by the articles of dissolution. And second, and in a more important sense, as the first was afterwards removed, it was an unauthorized extension of payment to Whitman.
Another violation of the plaintiff ’ s rights was, in denying to him such access to the books, as, under the articles of dissolution, I think he was entitled to. His right to inspect the books of the firm, from time to time, is co-equal with that of the defendants’, and when he became deprived of that right by the defendants, the court must help him.
But there is another reason which, perhaps of itself, would be sufficient to authorize the court to take upon itself the adjustment of these partnership differences.
As was very correctly said by the learned justice at special term, that from the embittered feeling existing among the parties, “ it would be unreasonable to anticipate, that the plaintiff’s right of supervision, could any longer be exercised, without great unpleasantness and embarrassment, if, indeed, it could be done at all.”
Under such a state of things, it is highly proper that the court, acting impartially between them, should, through its officers, wind up the partnership.
The right of the defendants, to the custody of the partnership property, was absolute so long only as they faithfully observed their agreement. When they failed in that particular, the right of the plaintiff was revived, and the court will do no more than to see that such right is protected.
The reasons stated by the learned justice at the special term for his modification of the receivership and *317 injunction are satisfactory to me, and, for these reasons, and suchas I have herein expressed, the order appealed from should be affirmed, with costs to abide the final adjustment of costs in the action.